**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| ROY MARKETPLACE, LC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 25-1784<br><br>Filed: October 14, 2026 |

**MEMORANDUM OPINION AND ORDER**

In this rails-to-trails case, Plaintiffs have requested a 44-day extension of time to file their Cross-Motion for Partial Summary Judgment and respond to the Government's Amended Motion for Summary Judgment. The Government opposes Plaintiffs' request. For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

## I. PROCEDURAL BACKGROUND

On June 24, 2026, the Government moved for summary judgment on the question of whether Plaintiffs own the property under the railroad corridor subject to the alleged taking. *See* Def.'s Am. Mot. for Summ. J., ECF No. 20. Among other things, the Government argues that it is entitled to judgment as a matter of law because Plaintiffs failed to produce chain-of-title evidence necessary to establish a compensable property interest. *Id.* at 15–16. According to Plaintiffs, this is the first time in the litigation that the Government raised this legal argument. Pl.'s Reply at 1–3, ECF No. 25. Consequently, on August 4, 2026, Plaintiffs moved to extend their response deadline to allow them to obtain chains of title, which they assert will take 30–35 days. Pl.'s Mot. ¶¶ 4–6, ECF No. 23. The Government opposes that request, arguing that Plaintiffs' chain-of-title

search should have been completed before the case was filed or, at least, before the close of discovery. Def.'s Opp'n at 3–4, ECF No. 24. In their reply, Plaintiffs maintain that Utah law does not require full chains of title, but that an extension will nonetheless allow them to fully and fairly respond to the Government's Amended Motion for Summary Judgment. ECF No. 25 at 1–3. Plaintiffs also argue that allowing additional time to obtain chains of title will not prejudice the Government and will instead facilitate the resolution of this case on the merits. *Id.* at 4–5.

## II. LEGAL STANDARD

A party may "respond to a motion for summary judgment by filing a motion under RCFC 56(d), which 'enables a court to deny or stay a motion for summary judgment to permit additional discovery.'" *Clear Creek Cmty. Servs. Dist. v. United States*, 100 Fed. Cl. 78, 82 (2011) (quoting *Theisen Vending Co. v. United States*, 58 Fed Cl. 194, 198 (2003)). Such motions "are generally favored and are liberally granted." *Chevron U.S.A. Inc. v. United States*, 72 Fed. Cl. 817, 819 (2006). In considering Rule 56(d) requests, courts generally determine whether the movant has satisfied by affidavit or declaration the following five prerequisites to relief:

> [T]he . . . affidavit and supporting papers [must]: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner.

*Theisen*, 58 Fed Cl. at 198. Yet these factors "'should not impair the salutary, generous purpose' of RCFC 56(d)." *Clear Creek*, 100 Fed. Cl. at 83 (quoting *Theisen*, 58 Fed Cl. at 198).

## III. DISCUSSION

The Court has "wide discretion" in applying RCFC 56(d).[1] *Accent Packaging, Inc. v. Leggett & Platt, Inc.*, 707 F.3d 1318, 1329 (Fed. Cir. 2013); *accord Jianglin Zhou v. United States*, 727 F. App'x 651, 654 (Fed. Cir. 2018). Exercising that discretion, the Court finds that Plaintiffs have satisfied the RCFC 56(d) prerequisites and that, on balance, an extension is appropriate here.

First, Plaintiffs specified the "particular factual discovery being sought"—full chains of title. *Theisen*, 58 Fed Cl. at 198. Second, the evidence sought will "engender a genuine issue of material fact," *id.*, regarding whether the grantors to Plaintiffs or their predecessors-in-interest owned and conveyed through the chain of title the land underlying the right of way. As for factor three, no matter whose case the evidence favors, full chains of title will necessarily illuminate Plaintiffs' property interest. Finally, factors four and five also weigh in favor of Plaintiffs. Plaintiffs represent that they did not obtain the chains of title sooner because Utah law does not impose such an evidentiary burden and because the Government purportedly provided no notice of its contrary position prior to moving for summary judgment. In short, the *Theisen* factors suggest that additional discovery, which is "generally favored" and "liberally granted," should be allowed here. *Chevron U.S.A.*, 72 Fed. Cl. at 819.

Indeed, "summary judgment must 'be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Clear Creek*, 100 Fed. Cl. at 82 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). Although Plaintiffs disagree that chain-of-title evidence is required as a matter of law to demonstrate their property

[1] Although Plaintiffs did not expressly move for relief under RCFC 56(d) or initially attach the required affidavit or declaration, their request squarely falls within the rule. The Court need not resolve the Government's objection to Plaintiffs' compliance with RCFC 56(d), as Plaintiffs cured any procedural deficiencies with their initial motion when they attached the Declaration of Lindsay S.C. Brinton to their reply. *See* ECF No. 25-1.

interests in the rail corridor, Plaintiffs' timely request to seek additional discovery to fairly respond to the Government's arguments is appropriate under the circumstances.[2] On the flip side, Plaintiffs' request does not prejudice the Government for two reasons. First, 44 days is a modest extension of time, considering that this case has been pending for nearly a year, and it will not affect any other case management deadlines or delay trial (as no trial date has been set). Second, the Government will have an equal opportunity to seek additional time to respond to Plaintiffs' chain-of-title evidence, if necessary. Although the extension will effectively negate the Government's failure-of-proof argument, again, the Government apparently raised its legal position for the first time during briefing. And, in any event, "[o]ur justice system has a strong preference for resolving cases on their merits whenever possible," *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011), "particularly in the absence of bad faith by an offending party or prejudice to a non-moving party," *Schlup v. Depositors Ins. Co.*, No. 19-2095, 2020 WL 5094709, at *16 (D. Kan. Aug. 28, 2020); *see also Plus Medical, LLC v. United States*, No. 14-600C, 2014 WL 5446019, at *3 (Fed. Cl. Oct. 27, 2014) (recognizing the "strong preference expressed in the case law for a judgment on the merits"). Given the circumstances of the instant case, the interest of justice favors granting Plaintiffs' extension request.

[2] While the Court will reserve its ruling on the application of the centerline presumption in this case, Plaintiffs have a good faith basis to assert that Utah law does not require chain-of-title evidence. *See, e.g.*, *Sears v. Ogden City*, 572 P.2d 1359, 1363 (Utah 1977) (stating that acquiring fee to "land abutting [a] street" creates "a presumption that the conveyance included the fee to the highway center line subject to the public right of way").

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion (ECF No. 23) and will permit Plaintiffs to obtain the relevant chain-of-title evidence for purposes of responding to the Government's dispositive motion. The Court **ORDERS** Plaintiffs to file their Cross-Motion and Response in Opposition to Defendant's Amended Motion for Summary Judgment by **no later than November 27, 2026**.

**SO ORDERED**.

Dated: October 14, 2026

*/s/ Kathryn C. Davis*
KATHRYN C. DAVIS
Judge